IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Monique Al-Rawi, | ) | Case No. 6:18-cv-02254-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Johnese Harris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Petition for Removal. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 16, 2018, the Magistrate Judge issued a Report recommending that this action be remanded. ECF No. 10. Defendant filed objections to the Report. ECF No. 13.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The

Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As explained in the Report, this matter arises from a state court eviction action. ECF No. 10 at 1. Defendant removed this action alleging that Plaintiff is attempting to collect a debt in violation of the Fair Debt Collection Practices Act of 1978 ("FDCPA") and that the state court action constitutes unlawful eviction proceedings in violation of the Uniform Commercial Code ("UCC"), 15 U.S.C. § 1692. ECF No. 1 at 1–2. The Report recommends remand of the action because this Court does not have subject matter jurisdiction over the claims in this case either through diversity or as a result of a federal question.

As stated by the Magistrate Judge, the Rule to Vacate or Show Cause Order issued by a state magistrate judge and attached to Defendant's Petition for Removal offers no suggestion that the eviction action could have originally been brought in federal court. Defendant's allegations that the FDCPA and the UCC are implicated by this action are insufficient to establish jurisdiction over this action. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which [state court] defendants merely claim a substantive federal defense to a state law claim do not raise a federal question."); *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ("The basis of federal

question jurisdiction [ ] must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition."). Moreover, there is no indication that the diversity statute's requirements are satisfied.

Plaintiff's objections consist of allegations that the Report issued by the Magistrate Judge is unconstitutional under the Fifth, Seventh, and Fourteenth Amendments and under the Bill of Rights. ECF No. 13. Plaintiff has not addressed the findings of the Magistrate Judge; however, because he filed objections, the Court has conducted a de novo review of the Petition for Removal. Following such review, the Court agrees with the Magistrate Judge that this Court lacks subject matter jurisdiction over this action.

## **CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules Plaintiff's objections. The Petition is **DENIED** and this action is **REMANDED** to the Greenville County Summary Court.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

October 15, 2018
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.